UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINE WRIGHT,<br><br>　　　　　Plaintiff,<br>v.<br><br>YOUR CREDIT, INC. D/B/A POST FINANCE,<br><br>　　　　　Defendant. | Civil Action No.: \_\_\_\_\_<br><br>COMPLAINT |

For this Complaint, the Plaintiff, CHRISTINE WRIGHT, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

2. Defendant has through its conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

3. Defendant YOUR CREDIT, INC. d/b/a/ POST FINANCE is a "licensee" as that term is defined by NRS 604A.

4. NRS 604A.415 incorporates the Fair Debt Collection Practices Act

(FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

5. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

7. The Plaintiff, CHRISTINE WRIGHT ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

8. Defendant YOUR CREDIT, INC. d/b/a POST FINANCE ("POST FINANCE"), is doing business in the State of Nevada.

9. Does 1-10 (the "Collectors") are individual collectors employed by POST FINANCE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

10. POST FINANCE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

11. Plaintiff allegedly incurred a financial obligation (the "Debt") to Post

Finance (the "Creditor").

12. The Debt was a "high-interest loan" as defined by NRS 604A.0703.

13. NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

14. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

## B. <u>POST FINANCE Engages in Harassment and Abusive Tactics</u>

## FACTS

15. In its attempt to collect the Debt, POST FINANCE engaged in a campaign of abuse to collect upon the Plaintiff.

16. POST FINANCE called Plaintiff on numerous occasions at Plaintiff's place of employment (phone number ending "5302") to collect on the alleged Debt.

17. During several of these workplace calls, Plaintiff advised POST FINANCE's collectors that she could not accept calls at work and to cease placing calls to her place of employment since it violated her employer's policies.

18. Plaintiff expressly intended to revoke any prior consent provided to

3

POST FINANCE to place calls to her place of employment.

19. Plaintiff advised POST FINANCE on the following dates and times (among others) to cease calls to her at her place of employment:

- June 20, 2013 at 12:20 P.M. (advised "Glenda" from Post Finance)
- July 22, 2013 at 5:00 P.M. (advised "Amy" from Post Finance)

20. However, POST FINANCE continued to place calls to Plaintiff's place of employment even after Plaintiff advised POST FINANCE that she revoked any prior consent to contact her at her place of employement.

21. POST FINANCE also placed calls to several of Plaintiff's co-workers in an attempt to collect the Debt.

22. Specifically, on or about June 24, 2013 at approximately 12:55 P.M., POST FINANCE called Plaintiff's place of employment and spoke with Marilyn Jenkins ("Mrs. Jenkins"), Plaintiff's supervisor.

23. POST FINANCE's employee lied to Mrs. Jenkins and told Mrs. Jenkins that the Plaintiff "had a meeting with us today," in an attempt to be connected to the Plaintiff's work phone (the "Illegal Work Call").

24. During the Illegal Work Call, Mrs. Jenkins advised POST FINANCE to cease calling Plaintiff's place of employment and advised POST FINANCE that Plaintiff was not permitted to receive personal calls while at work.

25. POST FINANCE however advised Mrs. Jenkins that it would continue calling the Plaintiff at her place of employment and there is "**nothing you**

4

**can do about it!"**

26. True to its word, POST FINANCE continued placing calls to Plaintiff's place of employment on numerous occasions after the Illegal Work Call.

27. In its additional brazen attempts to collect the Debt, POST FINANCE sent several deceptive collection letters to Plaintiff's place of employment, even though POST FINANCE had record of Plaintiff's residence. Specifically, on or about May 22, 2013, June 13, 2013, July 2, 2013, and July 19, 2013, POST FINANCE mailed collection letters to Plaintiff's place of employment, wherein POST FINANCE illegally and deceptively:

- Stated it holds a "VAILD CLAIM" against the Plaintiff (see Exhibit "1")
- Threatened to report negative credit information (see Exhibit "1")
- Deceptively stated an "INTENT TO SUE" (see Exhibit "2")
- Deceptively stated it will "proceed with legal action unless this account is paid in full within seven (7) days" (see Exhibit "2")
- Failed to provide the "mini-Miranda" required pursuant to 15 U.S.C. §1692e(11) (see Exhibits "1" through "5")

28. On or about July 9, 2013, POST FINANCE also posted to the door of Plaintiff's home residence a notice similar to the above stating an "INTENT TO SUE" and deceptively stated it will "proceed with legal action unless this account is paid in full within seven (7) days." (See Exhibit "5").

29. POST FINANCE never brought a civil action against the Plaintiff to collect the Debt. Its threat of "legal action" was a baseless ruse intended to oppress and coerce the Plaintiff into paying the Debt.

30. POST FINANCE further failed to provide the Plaintiff disclosures required pursuant to 15 U.S.C. §1692g regarding her right to validate the Debt.

31. As a result of these multiple violations and personal intrusions, Plaintiff filed the instant lawsuit.

32. Further, Defendant's actions at all times herein were "willful."

## C. Plaintiff Suffered Actual Damages

33. The Plaintiff has suffered and continues to suffer actual damages as a result of POST FINANCE's unlawful conduct.

34. As a direct consequence of POST FINANCE's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

35. Plaintiff has also contemplated filing bankruptcy as a result of Defendant's illegal conduct to stop future harassment.

## D. Respondeat Superior Liability

36. The acts and omissions of POST FINANCE, and the other debt collectors employed as agents by POST FINANCE who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant POST FINANCE.

37. The acts and omissions by POST FINANCE and these other debt

collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by POST FINANCE in collecting the Debt.

38. By committing these acts and omissions against Plaintiff, POST FINANCE and these other debt collectors were motivated to benefit their principal, Defendant POST FINANCE.

39. POST FINANCE is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA
## AS INCORPORATED THROUGH NRS 604A.415

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

42. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant contacted a third party in an attempt to collect a debt from the Plaintiff, namely Plaintiff's employer.

43. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that

Defendant contacted a third party more than once without request or consent to do so in an attempt to collect a debt from the Plaintiff.

44. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at an unusual time or place. Specifically, Defendant continued calling Plaintiff at her place of employment during hours Plaintiff advised were inconvenient.

45. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at the Plaintiff's place of employment when it knew, or should have known, that such contacts were prohibited by the Plaintiff's employer.

46. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant engaged in communication with parties other than the Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect a debt.

47. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

48. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

49. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that

Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

50. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

51. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendants communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector".

52. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

53. The Defendant's conduct violated 15 U.S.C. § 1692g in that Defendant failed to provide Plaintiff the required disclosures pursuant to this section.

54. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

55. The Plaintiff is entitled to damages as a result of Defendant's violations.

56. The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

57. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

58. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
>
> 15 U.S.C. § 1692(a) (emphasis added).

59. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the**

10

**privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

60. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

61. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

62. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

63. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

64. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

### COUNT I.

### VIOLATIONS OF THE FDCPA AS INCORPORATED THROUGH NRS 604A.415

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

6. any other legal or equitable relief that the court deems appropriate.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

7. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent NRS 604A violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; and

8. for such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 7, 2013

Respectfully submitted,

By /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*CHRISTINE WRIGHT*

# **PLAINTIFF'S VERIFICATION**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA      )
                     ) ss
COUNTY OF CLARK      )

Plaintiff CHRISTINE WRIGHT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
CHRISTINE WRIGHT, Plaintiff

15